**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brent C. Hisel, | ) No. CV-05-4215-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Linda L. Spencer; and Westward Ho Apartments, | ) |
| Defendants. | ) |

Pending before this Court is Defendant Linda Spencer's Motion to Dismiss (Doc. # 3), Defendant's Motion for Summary Disposition (Doc. # 12), Plaintiff's Request to Produce and Inspect Documents (Doc. # 17), Defendant's Motion to Strike Plaintiff's Opposition Reply (Doc. # 23), and Plaintiff's Motion to Strike Defendant's Motion for Summary Disposition (Doc. #25).  The Court now rules on the Motions.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The relevant factual and procedural background, for purposes of this Order, is summarized herein.  On December 7, 2005, Plaintiff, a former resident of Westward Ho Apartments, filed a two-count complaint in Superior Court of Maricopa County against Westward Ho Apartments and Linda Spencer, the property manager.  Plaintiff alleged that he was not hired by Defendants in violation of the Americans with Disabilities Act ("ADA")

1  under Title VII, 42 U.S.C. §§ 12101 to 12213, and the Arizona Civil Rights Act ("ACRA"),
2  A.R.S. §§ 41-1461 to -1467.

3  On December 22, 2005, Defendants filed a Notice of Removal to the United States
4  District Court for the District of Arizona, and Defendant Linda Spencer filed a Motion to
5  Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil
6  Procedure. Plaintiff failed to timely respond to Defendant's Motion to Dismiss, and on
7  January 19, 2006, Defendant filed a Motion for Summary Disposition requesting that the
8  Court grant the Motion to Dismiss without further briefing or argument. On January 23,
9  2006, Plaintiff filed a Response to Defendant's Motion for Summary Disposition, and
10 Defendant filed a Reply in Support of the Motion for Summary Disposition. Plaintiff
11 subsequently filed another "Opposition Reply" to Defendant's Motion. Defendant now
12 moves to strike Plaintiff's second response as impermissible and in violation of a
13 confidentiality agreement.

14 On January 24, 2006, Plaintiff filed the pending Request to Produce and Inspect
15 Documents, pursuant to Rule 34 of the Federal Rules of Civil Procedure. Although the
16 parties have yet to meet and develop a discovery plan under Rule 26(f), Plaintiff filed a
17 motion requesting that Defendant produce and deliver documents from the Arizona Public
18 Housing Agency file.

19 On February 14, 2006, Plaintiff filed a Motion to Strike Defendant's Motion for
20 Summary Disposition. Plaintiff requests that the Court deny Defendant's Motion for
21 Summary Disposition and request for attorneys' fees. However, as Defendant argues, it is
22 unclear from the pleading whether Plaintiff is filing a Motion or another Reply.

23 **II.    DEFENDANT SPENCER'S RULE 12(b)(6) MOTION TO DISMISS**

24 Defendant Linda L. Spencer moves to dismiss Plaintiff's Complaint, pursuant to Rule
25 12(b)(6) of the Federal Rules of Civil Procedure, alleging that the Complaint fails to state a
26 claim upon which relief can be granted. (Doc. #3.) The Court may not dismiss a complaint
27 for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set
28 of facts in support of his claims which would entitled him to relief." *Barnett v. Centoni*, 31

1  F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v. County of L.A.*, 957 F.2d 652, 654 (9th Cir.
2  1992)). The Court must construe the facts alleged in the complaint "in the light most
3  favorable to the plaintiff and must accept all well-pleaded factual allegations as true."
4  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the plaintiff must
5  still meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Under
6  Rule 8, the complaint must contain, "a short and plain statement of the claim showing that
7  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, if the complaint fails to state
8  a theory under which the plaintiff may recover, dismissal under Rule 12(b)(6) is appropriate.[1]

9  Plaintiff claims that Defendant Spencer violated the ADA and the ACRA[2] in her
10 individual capacity as the property manager at Westward Ho Apartments. However, this is
11 not a legally recognized cause of action. *See Coffin v. Safeway, Inc.*, 323 F. Supp. 2d 997,
12 1002 (D.Ariz. 2004) ("Title VII applies only to employers, not employees"). Defendant
13 argues, and the Court agrees, that Defendant Westward Ho Apartments was Plaintiff's
14 potential employer, not Defendant Spencer. Neither the ADA nor the ACRA allows Plaintiff
15 to maintain a cause of action against a supervisory employee or co-worker. *See Kang v. U.*
16 *Lim America, Inc.*, 296 F.3d 810, 822 n.4 (9th Cir. 2002) ("[I]ndividual defendants are not
17 liable under Title VII"); *Miller v. Maxwell's Int'l Ltd.*, 991 F.2d 583, 587-88 (9th Cir. 1993)
18 (holding that a supervisor cannot be held liable in her individual capacity under Title VII)
19 (citing *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982)); *Ransom v. State of Ariz. Bd.*

---

[1] Absent specific exceptions, the Court will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (amended decision).

[2] The ACRA is "modeled after and generally identical to the federal statute in the area [Title VII]. Accordingly, we find federal Title VII case law persuasive in the interpretation of [the ACRA]." *Higdon v. Evergreen Int'l Airlines, Inc.*, 138 Ariz. 163, 165-66 n.3, 673 P.2d 907, 909-10 n.3 (1983); *see also Bodett v. Coxcom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (quoting *Id.*).

1 *of Regents*, 983 F. Supp. 895, 904 (D.Ariz. 1997) (holding that a plaintiff cannot proceed
2 against individual supervisors under the ADA or the ACRA).

3     Defendant presents uncontroverted authority that Plaintiff may not hold Defendant
4 liable in her individual capacity. It is clear that neither the ADA nor the ACRA permits
5 Plaintiff to maintain a cause of action against an individual supervisory employee.
6 Accordingly, Plaintiff's claims against Defendant, alleging violations of the ADA and
7 ACRA, must be dismissed with prejudice.

### III.    DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

9     On January 19, 2006, Defendant filed the currently pending Motion for Summary
10 Disposition. (Doc. # 12.) Defendant cites the Rules of Practice of the United States District
11 Court for the District of Arizona ("Local Rules") in support of her request that the Motion
12 to Dismiss be granted without further briefing or argument. Local Rule LRCiv. 7.2(i)
13 provides, in pertinent part: "[I]f the opposing party does not serve and file the required
14 answering memoranda, . . . such non-compliance may be deemed a consent to the . . .
15 granting of the motion and the Court may dispose of the motion summarily." U.S. Dist. Ct.
16 R. D.Ariz., LRCiv. 7.2(i).

17     The Court has the discretion to impose the extreme sanction of dismissal for failure
18 to respond. However, "[b]ecause the sanction of dismissal is such a harsh penalty, the
19 district court must weigh five factors before imposing the dismissal: '(1) the public's interest
20 in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk
21 of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of
22 cases on their merits; and (5) the availability of less drastic sanctions.'" *Porter v. Martinez*,
23 941 F.2d 732, 733 (9th Cir. 1991) (quoting *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th
24 Cir. 1990)). Because the Court has dismissed the claims against Defendant Spencer on the
25 merits, it is unnecessary for the Court to balance the aforementioned factors. Accordingly,
26 Defendant's Motion for Summary Disposition is denied as moot.

### IV. PLAINTIFF'S REQUEST TO PRODUCE AND INSPECT DOCUMENTS

Plaintiff has requested, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Defendant Spencer produce specific documents from the Arizona Public Housing Agency file, and deliver the documents to Plaintiff. (Doc. # 17.) The Court denies this Motion on several grounds. Rule 34 provides, in pertinent part: "Any party may serve on any other party a request . . . to inspect and copy, any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). This Court has no reason to believe that Defendant, property manager of a private apartment complex, is in possession of the requested Arizona Public Housing Agency file. Plaintiff must request the documents directly from the Arizona Public Housing Agency, or in the alternative, Plaintiff may serve a subpoena upon the Agency. *See* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents and things or submit to an inspection as provided in Rule 45"); *see also* Fed. R. Civ. P. 45.

Plaintiff's request for production, filed on January 24, 2006, is further denied as premature. The parties, at the time the Motion was filed, had yet to meet and develop a discovery plan as required by Rule 26 of the Federal Rules of Civil Procedure. According to Rule 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). Therefore, Plaintiff's request is premature and must be denied. Moreover, even if the parties had conferred pursuant to Rule 26(f), Plaintiff's Motion is now moot as the Court, by this Order, is dismissing the claims against Defendant Spencer and she is no longer a party to this action.

### V. PLAINTIFF AND DEFENDANT'S MOTIONS TO STRIKE

On February 6, 2006, Defendant filed a Motion to Strike Plaintiff's Opposition Reply. Defendant contends that the second response is impermissible according to Local Rule LRCiv. 7.2. (Doc. # 23.) Plaintiff subsequently filed a Motion to Strike Defendant's Motion

for Summary Disposition. (Doc. # 25.) The Court, by this Order, is granting Defendant's Motion to Dismiss; therefore, the Motions to Strike are denied as moot.[3]

### VI. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Court grants Defendant's Motion to Dismiss Claims Against Linda L. Spencer (Doc. # 3);

**IT IS FURTHER ORDERED** that the Court denies Defendant's Motion for Summary Disposition (Doc. # 12) as moot;

**IT IS FURTHER ORDERED** that the Court denies Plaintiff's Request to Produce and Inspect Documents (Doc. # 17) as improper under the Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that the Court denies Defendant's Motion to Strike (Doc. # 23) and Plaintiff's Motion to Strike (Doc. # 25) as moot.

DATED this 25th day of July, 2006.

*[signature]*
James A. Teilborg
United States District Judge

---

[3] Furthermore, Plaintiff's Motion to Strike Defendant's Motion is improper. Rule 12 does not permit a properly filed motion to be stricken from the record. *See* Fed. R. Civ. P. 12(f) ("[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter"); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (finding the district court erred in granting a motion to strike the plaintiff's motion to reconsider); *Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D.Fla. 1996) ("[A] motion is not a pleading, and thus a motion to strike a motion is not proper").